■ ARTHUR FROMMER, Appellant, v JOEL M. ABELS et al., Respondents, et al., Defendants. [598 NYS2d 185] —Order, Supreme Court, New York County (Carmen B. Ciparick, J.), entered April 13, 1992, granting defendants' motion to dismiss the complaint for failure to state a cause of action for defamation, unanimously affirmed, without costs.

The IAS Court properly concluded that the complained of statements were not actionable. In separating protected opinion from actionable fact, a court must look at " 'the content of the whole communication, its tone and apparent purpose' " *(600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 145, quoting *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254). Plaintiff, a travel industry specialist, had published columns criticizing travel agents for unnecessarily steering their clients towards preferred suppliers and advising consumers to avoid agents who fail to pass on their share of inflated commissions. Defendants' statements, in their entire context, published in its travel industry trade publication, could only be reasonably interpreted by subscribers as spirited advocacy for the role of travel agents. Concur—Carro, J. P., Milonas, Wallach, Kassal and Nardelli, JJ.

■ SONY CORPORATION OF AMERICA, Respondent, v ALBERT NATHANSON, Appellant. [597 NYS2d 410] —Order, Supreme Court, New York County (Burton S. Sherman, J.), entered April 15, 1992, which, *inter alia,* denied defendant's motion for renewal, and the order of the same court and Justice, entered April 23, 1992, which, to the extent appealed from, granted plaintiff's motion for an order of attachment, unanimously affirmed, with costs.

Plaintiff has submitted sufficient evidence to demonstrate its right to collect upon the unconditional guaranty of payment executed by defendant in favor of plaintiff's assignor, and notice of the assignment was not a prerequisite for its effectiveness against the obligor *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 402). This determination renders unnecessary the technical amendment to the answer which defendant seeks. Plaintiff demonstrated the availability of the attachment remedy under CPLR 6201 (1) and (3). Concur—Carro, J. P., Milonas, Wallach, Kassal and Nardelli, JJ.